UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BERRY LEE LIVINGSTON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:15CV1318 AGF |
|  | ) |  |
| WARREN COUNTY, et al., | ) |  |
|  | ) |  |
| Defendants, | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). Plaintiff brings this action under 42 U.S.C. § 1983 against officials at the Warren County Jail (the "Jail") for deliberate indifference to his serious medical needs. After reviewing the amended complaint, the Court will direct the Clerk to serve process on the individually named defendants.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Amended Complaint

Plaintiff names as defendants the Warren County Jail; Kevin Harrison, Sheriff of Warren County; Lt. Doug Stonebarger, Head Jailer, the Jail; Dr. Richard Buckles; and Lesa Hosack, Nurse. Plaintiff sues defendants in their individual and official capacities.

Plaintiff alleges that Dr. Buckles refused to treat his severe hernia, which he describes as being a "baseball size" umbilical hernia. Plaintiff alleges that defendants Harrison, Stonebarger, and Hosack each interfered with his treatment by refusing to authorize surgery if he could not pay for it himself.

## Discussion

The Court finds that the amended complaint survives review against defendants Harrison, Stonebarger, Buckles, and Hosack in their individual capacities.

Plaintiff's claim against the Jail is legally frivolous because the Jail is not a suable entity. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's

constitutional rights. As a result, the complaint does not state a claim against defendants in their official capacities, and the official-capacity claims are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to serve process on defendants Kevin Harrison, Doug Stonebarger, and Lisa Hosack.

**IT IS FURTHER ORDERED** that defendant Warren County Jail is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED**.

An Order of Partial Dismissal will be filed separately.

Dated this 2nd day of November, 2015.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE