UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BERRY LEE LIVINGSTON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:15CV01318 AGF |
| WARREN COUNTY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This action, filed by Plaintiff Berry Lee Livingston, an inmate at the Warren County, Missouri, Detention Center, is before the Court on three motions: (1) the motion of Defendant Richard Buckles for summary judgment, (2) the motion of Plaintiff to deny Buckles' motion for summary judgment without prejudice as premature, and (3) the motion of Plaintiff for leave to file a second amended complaint.

## BACKGROUND

Plaintiff initiated this action pro se on August 25, 2015, and on September 30, 2015, filed an amended complaint. He alleged that several officials at the Detention Center were deliberately indifferent to his serious medical needs, in violation of his constitutional rights, by their failure to provide surgical treatment for his umbilical hernia because he did not have the funds in his inmate account to pay for the surgical consultation. Plaintiff alleged that the hernia was the size of a baseball and was causing continual pain and other problems. Plaintiff stated that he wanted to have his hernia

fixed, and actual and punitive damages. Four Defendants survived the Court's review under 28 U.S.C. § 1915(e) of the amended complaint: Richard Buckles, jail doctor; Kevin Harrison, Sheriff of Warren County; Lesa Hosack, jail nurse; and Doug Stonebarger, head jailer, all in their individual capacities. The record establishes that Buckles provides medical services on behalf of Advanced Correctional Healthcare, Inc., ("ACHI"), a private entity providing medical care to inmates in the Warren County Detention Center.

On December 11, 2015, the Court appointed counsel to represent Petitioner. The Court issued a Case Management Order ("CMO") on February 11, 2016, that provided that motions for joinder of additional parties or amendment of pleadings were to be filed no later than May 15, 2016, and that discovery was to be completed by October 3, 2016. The discovery deadline was later changed to October 10, 2016.

On March 23, 2016, Dr. Buckles moved for summary judgment, arguing that the evidence showed that Plaintiff's hernia was not a serious medical need, in that surgery to repair it was an elective procedure and not an emergent need. This argument was based in part on the medical notes of Dr. William Truong, a physician at University Hospital of Missouri, who saw Plaintiff on February 26, 2016.

Rather than respond to the motion directly, Plaintiff filed a motion, under Federal Rule of Civil Procedure 56(d), to deny the motion for summary judgment without prejudice to refiling, or hold the motion in abeyance, as the motion is premature. Plaintiff argues that he had not yet had the opportunity to depose Dr. Truong or Dr. Buckles or conduct other discovery. This argument is supported by a sworn declaration of Plaintiff's

counsel.

On May 16, 2016, Plaintiff filed a motion for leave to file a second amended complaint that and adds ACHI as a Defendant and alleges that at all relevant times, AHCI had in place unconstitutional policies that were "the moving force" behind Plaintiff's inadequate medical treatment. The proposed second amended complaint asks the Court to order Defendants to provide Plaintiff with the requested medical treatment (umbilical hernia surgery) without requiring him to pre-pay for necessary medical services. Buckles filed an opposition to the motion to amend, arguing that the motion should be denied because the case was almost a full year old, Plaintiff did not provide any reasons for failing to include ACHI or a request for injunctive relief in his pro se amended complaint, the new claims are frivolous, and granting the motion to amend would cause undue delay. Dr. Buckles posits that Plaintiff's request to file an amended complaint reflects "dilatory tactics," and an effort to avoid a ruling on Buckles' motion for summary judgment.

## **DISCUSSION**

The Court agrees with Plaintiff that Dr. Buckles' motion for summary judgment, filed before Plaintiff has had a chance to depose Dr. Buckles or Dr. Truong and engage in other discovery is premature.

> The general rule is that summary judgment is appropriate only after the nonmovant has had adequate time for discovery. Pursuant to Rule 56(d), a party opposing summary judgment may move for a continuance "until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition" to a summary-judgment motion. The purpose of this rule is to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment.

*Jackson v. Riebold*, 815 F.3d 1114, 1121 (8th Cir. 2016) (citations omitted).  Here, Plaintiff has adequately shown that additional discovery may prove his claim meritorius, noting further, that Dr. Buckles had yet to respond to Plaintiff's discovery requests.  As such, the Court will hold Dr. Buckles' motion for summary judgment in abeyance for a reasonable period of time to permit Plaintiff to conduct discovery related to the motion.  *See, e.g., Johnson v. Precision Airmotive, LLC*, 2008 WL 2570825, *3 (E.D. Mo. June 26, 2008) (denying summary judgment without prejudice where discovery was needed to determine facts in dispute).

With regard to the motion to amend, Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."  The Court believes that justice requires allowing Plaintiff, now assisted by appointed counsel, to file the proposed second amended complaint.  The Court discerns no undue prejudice to Dr. Buckles or undue delay, as the discovery deadline in the case is October 10, 2016.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to deny Defendant Richard Buckles' motion for summary judgment without prejudice as premature is **GRANTED in part**, as follows.  The parties will have until **August 15, 2016** to conduct discovery related to the motion for summary judgment, and for Defendant to supplement his motion for summary judgment, should he desire to do so, to account for such discovery.  Plaintiff

will have 28 days thereafter to respond to the motion for summary judgment, and Defendant will have fourteen days to reply. (Doc. No. 54.)

**IT IS FURTHER ORDERED** that Plaintiff's motion (Doc. No. 64) to file a second amended complaint is **GRANTED**. The Clerk of Court shall detach Doc. No. 64-1 and file it as Plaintiff's Second Amended Complaint. Plaintiff shall forthwith obtain service on the newly-named Defendant.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of May, 2016.